NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 21 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-15033 |
| Plaintiff-Appellee, | D.C. Nos. 1:19-cv-00933-JLT |
| v. | 1:11-cr-00332-JLT-1 |
| JANAMJOT SINGH SODHI, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, District Judge, Presiding

Submitted November 19, 2024**
San Jose, California

Before: GRABER, FRIEDLAND, and BUMATAY, Circuit Judges.

Janamjot Singh Sodhi pleaded guilty to four counts of mail fraud (18 U.S.C § 1341) and one felony count of wire fraud (18 U.S.C. § 1343). Because those crimes are aggravated felonies, Sodhi, a non-citizen, is subject to removal. 8 U.S.C. § 1101(a)(43)(M)(i); *id.* § 1227(a)(2)(A)(iii). He appeals the district court's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denial of his post-conviction petition for a writ of error coram nobis to withdraw his guilty plea. We affirm.

In his operative amended petition, Sodhi alleged that trial counsel failed to inform him of the immigration consequences of his plea, as required by *Padilla v. Kentucky*, 559 U.S. 356, 360, 369 (2010). The district court held an evidentiary hearing and found Sodhi's account to be wholly incredible and, instead, credited trial counsel's testimony that he did, in fact, discuss the immigration consequences with Sodhi. Sodhi does not contest the district court's findings or its resulting rejection of the claim that his counsel failed to inform him of the immigration consequences of the plea, so we affirm the district court's denial of that claim.

Sodhi now contends that his guilty plea should be vacated because trial counsel failed to investigate the availability of an immigration-neutral plea. He first raised this argument in a motion for reconsideration or, in the alternative, motion for leave to amend, after the district court had denied his petition. The district court denied that motion, a decision that we review for abuse of discretion, *Smith v. Pac. Props. & Dev. Corp.*, 358 F.3d 1097, 1100 (9th Cir. 2004).

Sodhi argues that the district court should have considered his new claim. But the district court found that Sodhi purposely delayed raising this argument to seek a tactical advantage, and that finding was not clearly erroneous. Indeed, the district court had expressly advised Sodhi that his amended petition must identify

all claims that he wanted to raise. Yet Sodhi nonetheless waited more than three years after filing the operative amended petition to raise the new claim. Sodhi argues that, because he filed his petition pro se, it should be construed broadly as having included this theory all along. But the petition did not even hint at this claim, and Sodhi still failed to raise it after he was represented by appointed counsel. In light of the district court's findings about Sodhi's undue delay and bad faith, the denial of the motion for reconsideration or for leave to amend was not an abuse of discretion. *See Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890–91 (9th Cir. 2000); *Foman v. Davis*, 371 U.S. 178, 182 (1962).

**AFFIRMED.**